**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **JILL MARIE WILSON**<br>DEBTOR | **CHAPTER 13 BANKRUPTCY**<br>**CASE NO. 21-21014** |
| **JILL MARIE WILSON**<br>PLAINTIFF<br><br>vs.<br><br>**TRICOLOR AUTO GROUP, LLC,**<br>**D/B/A TRICOLOR AUTO, LLC**<br>DEFENDANT | **AP NO.** (Included in File-Stamp) |

**THE ORIGINAL COMPLAINT OF THE PLAINTIFF CONCERNING THE WILLFUL VIOLATION OF THE AUTOMATIC STAY, CONFIRMED CHAPTER 13 PLAN, AND RELATED RELIEF.**

**TO:    TO THE HONORABLE MARVIN ISGUR,**
**          UNITED STATES BANKRUPTCY JUDGE.**

**THE PARTIES, PROPERTY, DEBTS AND GRAVAMEN**
**OF THE ADVERSARY PROCEEDING.**

1.     Jill Marie Wilson ("Ms. Wilson") is the debtor in the Chapter 13 bankruptcy case ("main case").  The main case is pending, the plan has been confirmed and Ms. Wilson strives to obtain a discharge.

2.     Ms. Wilson's adversary proceeding concerns her 2016 Nissan Versa Note, VIN 3N1CE2CP8GL402867 ("vehicle").  The vehicle is provided for in her confirmed plan as a total debt claim and is being paid for by the Trustee.

3.  Tricolor Auto Group, LLC, also known as Tricolor Auto, LLC ("Defendant") has a security interest in the vehicle. Tricolor has notice and knowledge of Ms. Wilson's main case and has participated in the main case.

4.  On or about June 7, 2022 Defendant caused the repossession of the vehicle. Defendant initially denied issuing a request to repossess the vehicle. However, once it was confirmed that Defendant caused the repossession of the vehicle, Defendant returned the vehicle later that day. The repossession of the vehicle caused harm to Ms. Wilson and damage to her vehicle for which she seeks redress.

5.  Regardless if Defendant was in error, its actions were strictly prohibited by the Bankruptcy Code and the Confirmed Plan. Its actions were willful.

   a.  Pursuant to 11 U.S.C. §§ 362(k)(1) "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages".

      i.  Plaintiff is an individual.

      ii.  Defendant has willfully violated the automatic stay, as the term willful has been defined by the 5th Circuit Court of Appeals.

      iii.  As a result, the Plaintiff has suffered an injury in fact as Plaintiff will show that Defendant had knowledge of her main

      case but attempted to coerce direct payment from the Plaintiff. As stated in H.R. Rep. No. 595, 95th Cong., 1st Sess. 174-75 (1977), "the mere violation of the automatic stay constitutes an injury to the debtor inasmuch as the creditor's violation restricts the debtor's breathing spell and subjects the debtor to continued collection efforts, possibly including harassment and intimidation". *Also see, Spokeo Inc. v. Robins*, 136 S.Ct. 1540 (2016).

b.    "A willful violation does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded". *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005) and *In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008). In this regard, Defendant:

    i.    Defendant had knowledge of the bankruptcy as evidenced by the BNC notices, its receipt and acceptance of payments from the Trustee, the Notice of Appearance filed by its attorney of record, the objection to Ms. Wilson's Plan (as

   resolved), the filing of a change of address, and the filing of Proof of Claim 9-1. (POC 9-1).

  ii. Nonetheless, it set about an intended course of action to arrange for and then eventually repossess the vehicle.

c. As a result, Defendant's repossession is compensable, as follows:

  i. All out of pocket expenses incurred by the Plaintiff in regard to the subject matter of this adversary proceeding both before and through trial of this matter, including her lost wages or the value of the personal days she lost as a result.

  ii. Award as actual damages the time and effort Plaintiff has spent and is spending prosecuting her claim. *In re McClure*, 420 B.R. 655, 663 (Bankr. N.D. Tex. 2009), *opinion modified on reconsideration*, 430 B.R. 358 (Bankr. N.D. Tex. 2010) actual damages for the time and effort debtor spent prosecuting their claims); and, *In re Fauser*, 545 B.R. 907, 913 (Bankr. S.D. Tex. 2016).

  iii. Emotional injuries are recoverable as actual damages when supported by specific information. *In re Repine*, 536 F.3d 512, 523 (5th Cir. 2008).

  iv. The attorneys fees incurred as actual damages by Plaintiff in regard to this adversary proceeding that were incurred

    before the complaint was filed and through trial, whether or not said fees have been paid by Plaintiff. *In re Repine*, 536 F.3d 512, 522-523 (5th Cir. 2008).

 d. Conjointly, as a party whose rights are invaded, the Plaintiff can bring an adversary proceeding to recover nominal damages. *Uzuegbunam v. Preczewski*, 141 S.Ct. 792 (2021).

 e. Pursuant to 11 U.S.C. § 362(k)(1) appropriate circumstances exist to award Ms. Wilson punitive damages against Defendant. An award of punitive damages should be determined by the Court based upon *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

**THE JURISDICTION, VENUE, CORE PROCEEDING, LEGAL BASIS AND AUTHORITY OF THE BANKRUPTCY TO ISSUE FINAL JUDGMENT.**

 6. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, as well as pursuant to the Southern District of Texas General Order 2012-6. Venue is proper for this Court pursuant to 28 U.S.C. § 1409, and for the reason that Ms. Wilson's main case was filed in this Bankruptcy Court. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157. For the reason that this adversary proceeding arises under alleged violations of 11 U.S.C. § 362(a) as made compensatory pursuant to 11 U.S.C. § 362(k)(1) and violation of the confirmed plan as made compensable pursuant 11 U.S.C. § 105, the subject matter of this adversary proceeding involves the "public rights". As such, this Bankruptcy Court has a

right to issue a final judgment in this case in accordance with the exceptions in *Stern v. Marshall*, 564 U.S. 462 (2011).  *Also see, In re DeRosa*, 544 B.R. 339, 362-364 (Bankr. S. D. Tex. 2016).  Should it be necessary, Ms. Wilson consents to the entry of a final order or judgment by this Court.  *Wellness Int'l Network LTD. v. Sharif*, 135 S. Ct. 1932, 1947 (May 26, 2015).  Also, *DeRosa* at 362-364.

### THE FACTUAL BACKGROUND IN SUPPORT OF MS. WILSON'S CAUSES OF ACTION.

7.   On or about June 25, 2018 Ms. Wilson and Defendant entered into a Motor Vehicle Retail Installment Sales Contract concerning the purchase and financing of the vehicle.

8.   On February 1, 2019 the Texas Certificate of Title was issued which named Defendant as the first lienholder.

9.   On January 21, 2021 Official Form 101 - Voluntary Petition for Individuals Filing Bankruptcy was uploaded on behalf of Ms. Wilson in the main case pursuant to 11 U.S.C. § 301(a).  (ECF 1)[1].  The commencement of the main case created a bankruptcy estate, pursuant to 11 U.S.C. § 541, which included the vehicle.

10.   The initiation of the main case effectuated the automatic stay provisions of 11 U.S.C. § 362(a).

11.   On January 15, 2021 a list of creditors was uploaded on behalf of Ms. Wilson in the main case pursuant to 11 U.S.C. § 521(a)(1)(A) and F. R. Bankr. P.

---

[1] "(ECF ___)", when used in this complaint, is intended to represent the corresponding document on the Docket Report as maintained by this Court on its ECF / PACER system in relation to the bankruptcy case filed by Jill Marie Wilson, Case No. 21-21014.

1007(a)(1).  (ECF 1).  The Matrix provided for Defendant at a correct address ("matrix address").

12. On January 15, 2021 bankruptcy schedules and statement of financial affairs were uploaded on behalf of Ms. Wilson in the main case pursuant to 11 U.S.C. § 521(a)(1)(B) and F. R. Bankr. P. 1007(b).  (ECF 1).  Therein, as it specifically pertained to Defendant and the vehicle, it was disclosed as follows:

    a. Official Form 106A/B – Property - Part 2 - No. 3.1 - The vehicle with approximately 110,100 miles and a current value of $5,700.00.

    b. Official Form 106C – The Property Claim as Exempt – That she sought to exempt the vehicle pursuant to 11 U.S.C. § 522(d)(2).

    c. Official Form 106D – Creditors Who Have Claims Secured by Property – Part 1 - No. 2.4 - Defendant's secured interest in the vehicle with a claim in the amount of $11,455.00.

    d. Official Form 106J – Your Expenses – That no direct payment for the vehicle was to be made directly by or from Ms. Wilson.

    e. Official Form 107 – Statement of Financial Affairs for Individuals Filing for Bankruptcy - Part 3 - Identified pre-petition payments made to Defendant on the vehicle prior to filing of the main case.

13. Defendant is a creditor in the main case pursuant to 11 U.S.C. § 101(10).

14. The debt or claim of Defendant in the main case is prepetition in nature pursuant to 11 U.S.C. § 101(5).  Further, the claim is secured by the vehicle.

15. On January 15, 2021 an original Uniform Plan and Motion for Valuation of Collateral was uploaded on behalf of Ms. Wilson in the main case pursuant to 11 U.S.C. §§ 1321, 1322 and BLR 3015-1(a). (ECF 2). With the Plan was filed a Plan Summary for Proposed Plan. Therein, as it pertained to Defendant's claim on the vehicle, the plan proposed as follows:

- a. No. 4 - To pay her disposable income to the Trustee for 60 months.
- b. No. 11 - Other Secured Claims (Property to be Retained) - To provide for the total debt claim of the vehicle in the amount of $5,700.00 at 4.25%.
- c. No. 12 - Modification of Stay and Lien Retention - informed Defendant "The holder of an Allowed Secured Claim that is proposed to be paid under this Plan shall retain its lien until the earlier of (i) the payment of the underlying debt as determined under non-bankruptcy law; or (ii) the entry of a discharge under 11 U.S.C. § 1328. The holder of a claim secured by a valid lien may enforce its lien only if the stay is modified under 11 U.S.C. § 362 to allow such enforcement."
- d. No. 26 - Delays vesting of property of the estate until the date of discharge.

16. On January 15, 2021 a Certificate of Credit Counseling was uploaded on behalf of Ms. Wilson in the main case pursuant to 11 U.S.C. § 521(b). (ECF 3).

Pursuant to this and 11 U.S.C. § 109 the eligibility of Ms. Wilson to file the main case is determined.

17. On January 18, 2021 a First Amended Uniform Plan and Motion for Valuation of Collateral was uploaded on behalf of Ms. Wilson in the main case. (ECF 8). This amended plan did not change the treatment of Defendant or its claim. According to the Certificate of Service attached thereto the Plan was mailed to Defendant at the matrix address.

18. On January 20, 2021 the Certificate of Debtor Education was filed on behalf of Ms. Wilson. (ECF 13).

19. On January 22, 2021 Official Form 309I – Notice of Chapter 13 Bankruptcy Case was uploaded in the main case pursuant to F. R. Bankr. P. 2002(a)(1) and BLR 2002-1(c). (ECF 18). According to the Bankruptcy Noticing Center ("BNC")[2] Certificate of notice uploaded on January 24, 2021, the Notice was sent to Defendant by first class mail to the matrix address. (ECF 20). Therein, the Notice premonished Defendant:

> "The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees."

---

[2] The BNC, established by the Administrative Office of the U.S. Courts (AOUSC), provides a centralized process for preparing, producing, and sending bankruptcy court notices by mail or electronic transmission. http://ebn.uscourts.gov/

20. On January 22, 2021 the Notice of Hearing Regarding (1) Confirmation of Proposed Chapter 13 Plan et. al. was uploaded in the main case pursuant to F. R. Bankr. P. 2002(b) and BLR 2002-1(b). (ECF 19). Included with the Notice was the Amended Plan Summary for Proposed Plan. Pursuant to the BNC certificate of notice the Notice was mailed to the Defendant at the matrix address on January 24, 2021. (ECF 21).

21. On February 4, 2021 a Notice of Appearance was filed by Gail E. Stock of the law firm of Jameson & Dunagan, P.C. on behalf of Defendant. (ECF 22). This Notice of Appearance duplicated on February 5, 2022. (ECF 23). These Notices of Appearance substantiate notice and knowledge by Defendant of Ms. Wilson's main case.

22. On February 5, 2021 Defendant filed POC 9-1, with attachments. The filing of this proof of claim substantiates notice and knowledge by Defendant of Ms. Wilson's main case.

23. On February 15, 2021 Defendant filed an Objection to Confirmation of Plan. (ECF 24). This Objection inadvertently listed an incorrect creditor, but it was decidedly filed by Defendant. The filing of this Objection to Confirmation substantiates Defendant's participation in Ms. Wilson's main case.

24. On February 23, 2021 the Meeting of Creditors was held in the main case pursuant to 11 U.S.C. § 341. Ms. Wilson attended the meeting pursuant to the requirement of BLR 2003-1(a). The meeting was concluded.

25. On March 5, 2021 Defendant filed its Amended Objection to Plan. (ECF 26). This corrected the inaccuracies of the original Objection to Plan. (ECF 24). The filing of this Amended Objection to Confirmation substantiates Defendant's participation in Ms. Wilson's main case.

26. On March 30, 2021 the Second Amended Uniform Plan and Motion for Valuation of Collateral was uploaded on behalf of Ms. Wilson in the main case. (ECF 31). Where the value and interest on Defendant's pre-petition claim did not change, adequate protection payments were added in regard to payment on the vehicle. Defendant's lawyer and law firm were sent an electronic email of the filing of this Second Amended Plan.

27. On April 14, 2021 the Court entered its Order Confirming Chapter 13 Plan and Valuing Collateral Pursuant to 11 U.S.C. § 506. (ECF 32). Pursuant to the BNC certificate of notice Defendant was sent a copy of the Order to the matrix address, to Defendant's POC 9-1 address and by electronic email to Defendant's lawyer and law firm. (ECF 34).

28. On August 2, 2021 Defendant filed a Notice of Change of Address. (ECF 36). This further substantiates notice and knowledge by Defendant of Ms. Wilson's main case, and its participation in the main case.

29. On or about June 7, 2022 Defendant caused the vehicle to be repossessed from Ms. Wilson's home.

30. On June 7, 2022 Ms. Wilson contacted law enforcement to report her vehicle as being stolen. She was then informed that the vehicle had been repossessed.

31. On June 7, 2022 Ms. Wilson contacted Tricolor who denied (or would not admit) that it had repossessed the vehicle.

32. Due to the repossession Ms. Wilson missed 5 hours of work. She was forced to use one of her personal days to offset his absence.

33. On June 7, 2022 Ms. Wilson contacted law enforcement again. Law enforcement then informed her that S.C.A.R. Inc. had repossessed the vehicle on behalf of Defendant.

34. Due to the intervention of Joel Gonzalez, Ms. Wilson's bankruptcy attorney, the vehicle was delivered back to Ms. Wilson's home after hours. Initially, the tow conditioned the release of the vehicle on Ms. Wilson signed a waiver of liability. Ms. Wilson refused to sign such a waiver, the tow company eventually released the vehicle to her. As a direct result of the repossession the vehicle's alignment appears to be affected and will need to be repaired.

35. As a result of the above-described conduct of Defendant, Ms. Wilson has been the victim of mental suffering which is not fleeting because the actions of Defendant are not fleeting. Further, because she is subject to a security clearance she is compelled to report this matter to The Department of Defense Consolidated Adjudications Facility. Although not limited to the following, the suffering of Ms. Wilson has manifested in these psychosomatic physical symptoms:

    a. Lethargy or limited energy;

    b. The feeling of being overwhelmed, including intrusive thoughts, being hard on oneself, feeling stuck, feeling like a failure,

       obsessive thinking and rumination, lack of focus, a feeling of isolation, suppressed emotions, lack of confidence, negative feelings, self-doubt, self-blame;

c.     Anxiety, stress and excessive worry;

d.     Lack of enjoyment in activities;

e.     Headaches;

f.     Disturbed sleep;

g.     Cannot see a future where everything is fine;

h.     Low self-esteem.

i.     Shock of conscience because her core bankruptcy rights are violated;

j.     A sense of dread, failure, stress, harassment, fright, being ticked off, panic attacks, resulting in marked irritability;

k.     Fear of a present or future loss of the vehicle; and/or,

l.     A sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

### THE REQUEST FOR A FINDING OF A WILLFUL AND/OR INTENTIONAL VIOLATION OF THE AUTOMATIC STAY.

36.    The above-stated factual background is recited by reference in confirmation of the elements of this cause of action of a willful and/or intentional violation of the automatic stay.

37. The filing of the main case constitutes, and constituted, an order for relief pursuant to 11 U.S.C. § 301(b). This includes the imposition of the automatic stay (which is similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). Therefore, the actions or conduct of Defendant as described violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), (5), (6), and/or (7), for which there is no exception to the automatic stay pursuant to 11 U.S.C. § 362(b).

38. The willful violation of the automatic stay is compensable as a private right of action pursuant to 11 U.S.C. § 362(k)(1). *In re Labuzan*, 579 F.3d 533, 538 (5th Cir. 2009).

### REQUEST FOR A FINDING OF A WILLFUL AND/OR INTENTIONAL VIOLATION OF THE CONFIRMED PLAN.

39. The above-stated factual background is recited by reference in confirmation of the elements of this cause of action of a willful and/or intentional violation of the confirmed plan.

40. Ms. Wilson's confirmed Plan constituted, and constitutes, what is essentially a new contract between the Defendant and Ms. Wilson. *See generally, In re Stratford of Tex., Inc.,* 635 F.2d 365, 368 (5th Cir. 1981); *In re Dow Corning, Corp.*, 456 F.3d 668, 676 (6th Cir. 2006) ("the plan is effectively a new contract between the debtor and its creditors") (citing *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993); and, *In re Padilla*, 379 B.R. 643 (Bankr. S.D. Tex. 2007), among others.

41. As what is essentially a new contract between the parties, a willful violation of the confirmed plan is compensable pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 of the Texas Civil Practices and Remedies Code. The Bankruptcy Court is asked to enforce 11 U.S.C. § 542(a), for which there is knowledge, and is compensable pursuant the Court's contempt authority and 11 U.S.C. § 105. *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801 (2018), *In re Crocker*, 941 F.3d 206, 216 (5th Cir. 2019); *In re Cano*, 410 B.R. 506 (Bankr. S.D. Tex. 2009).

### REQUEST TO FURTHER ENFORCEMENT OF THE ORDERS, INJUNCTIONS AND/OR RULE ARISING IN THE MAIN CASE.

42. The above-stated factual background is recited by reference in confirmation of the elements of this or these potential causes of action.

43. Due to the conduct or action of Defendant, as described, it may become necessary for this Court to take action to enforce the injunctions, orders, Bankruptcy Code provisions and rules resulting from the main case, including, but not limited to:

   a. Finding Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

   b. Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

  c.  Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105.

### REQUEST AN AWARD OF DAMAGES.

44. The above-stated factual background is recited by reference in confirmation of an award of actual and punitive damages as well as interest thereon.

45. An award of actual damages is required to cover the value of any loss to Ms. Wilson including, but not limited to;

  a.  Any out-of-pocket expenses or cost to or incurred by Ms. Wilson, including the cost of repairs needed to the vehicle due to the repossession;

  b.  The personal time of Ms. Wilson in participating and cooperating in this adversary proceeding through trial and any appeal;

  c.  Any manifested, psychosomatic physical symptoms suffered by Ms. Wilson as described in the Factual Background above;

  d.  The attorneys' fees, costs and expenses incurred by Charles (Chuck) Newton and the lawyers of the law firm Newtons.Law, as well as Joel Gonzalez and the Law Offices of Joel Gonzalez in representing Ms. Wilson in regard to the subject matter of this adversary proceeding.

46. Pursuant to 11 U.S.C. § 362(k)(1) punitive damages may be awarded in appropriate circumstances.  The facts support such an award.

47. As stated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and other similar decisions, an award of punitive damages is warranted for the following reasons:

   a. With the knowledge of the main case of Ms. Wilson, Defendant received fair notice of the possibility of an award of punitive damages;

   b. As evidenced by the main case, the financial vulnerability of Ms. Wilson is evident.

   c. The harm or injury inflicted on Ms. Wilson is more than economic in nature.

   d. Should the conduct or actions of Defendant had been allowed to succeed, the fresh start of Ms. Wilson would have been further imperiled.

   e. The injury in this case is hard to detect; and/or the monetary value of noneconomic harm is difficult to determine.

48. Any award of damages should contain an award of pre-judgment and post-judgment interest pursuant to the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Ms. Wilson that the Court will:

1. Find that Defendant willfully and/or intentionally violated one or more of the the automatic stay provisions in the underlying bankruptcy and/or the confirmed Plan;

2. Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

3. Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred as categorized herein;

4. Award pre-judgment interest and post-judgment interest; and,

5. Grant any and all other relief in equity or in law to which Ms. Wilson may be entitled.

Respectfully submitted,

**CHARLES NEWTON & ASSOCIATES**
**NEWTONS.LAW**
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170
Fax (281) 901-5631

_____
**CHARLES (CHUCK) NEWTON**
chuck@newtons.law
Texas Bar No. 14976250
SDTX Bar No. 27900

**JANE NEWTON**
jane@newtons.law
Texas Bar No. 14977700
SDTX Bar No. 27901

**PATRICIA (PJ) NEWTON**
pj@newtons.law
Texas Bar No. 24099751
SDTX Bar No. 3137542

*Attorneys for the Plaintiff, Jill Marie Wilson in the adversary proceeding.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing adversary Complaint was served on the following parties, not otherwise served by summons, *via* electronic means, if possible, otherwise by the means stated below:

| | |
|---|---|
| Jill Marie Wilson<br>Debtor \| Plaintiff<br>702 S. Clarkwood Rd. TRLR 2<br>Corpus Christi, TX 78406 | Email<br>Yes |
| Joel Gonzalez<br>Law Offices of Joel Gonzalez, PLLC<br>700 Everhart Rd. Suite G1<br>Corpus Christi, TX 78411 | Email<br>joel@jglegalgroup.com |
| Yvonne V Valdez<br>Chapter 13 Trustee<br>555 N Carancahua Suite 600<br>Corpus Christi, TX 78401 | Email<br>ecfmail@ch13cctx.com |
| US Trustee<br>606 N Carancahua<br>Corpus Christi, TX 78401 | Email<br>USTPRegion07.CC.ECF@USDOJ.GOV |

Dated: June 28, 2022

_____
**CHARLES (CHUCK) NEWTON**
Attorney for Newtons.Law